Filed 4/3/26  P. v. Padilla CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, | D087345 |
| Plaintiff and Respondent, | (Super. Ct. No. FSB19002533) |
| v. | |
| JONATHAN DANIEL PADILLA, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of San Bernardino County, Rafael Arreola, Judge.  Sentence vacated and remanded.

Johanna Pirko, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Charles C. Ragland, Chief Assistant Attorney General, Arlene A. Sevidal, Assistant Attorney General, Stephanie H. Chow and Sahar Karimi, Deputy Attorneys General, for Plaintiff and Respondent.

A jury convicted Jonathan Daniel Padilla of one count of second degree murder (Pen. Code, §§ 187, subd. (a), 189, subd. (b)) and made a true finding that Padilla personally used a deadly or dangerous weapon (a knife) (§ 12022, subd. (b)(1)).  The trial court sentenced Padilla to an indeterminate prison

term of 16 years to life, composed of 15 years to life for the murder conviction, and an additional year for the weapon enhancement.

Padilla contends the trial court erred during sentencing because it did not understand it had discretion, under section 1385, to dismiss the one-year weapon enhancement it imposed under section 12022, subdivision (b)(1). Padilla asks us to order a remand so the trial court can decide whether to exercise its discretion to dismiss that enhancement. The People concede Padilla's argument has merit and that a remand is required. Our analysis results in the same conclusion.

Accordingly, we vacate Padilla's sentence, and we remand for the trial court to hold a new sentencing hearing, at which it shall consider whether to exercise its discretion under section 1385 to dismiss the one-year enhancement it imposed under section 12022, subdivision (b)(1).

I.

In July 2019, Padilla used a knife to kill a man by inflicting 37 sharp force injuries. The next month, an information charged Padilla with murder (§ 187, subd. (a)) and further alleged Padilla personally used a deadly or dangerous weapon (a knife) (§ 12022, subd. (b)(1)).

Due to questions about Padilla's mental competence, the case did not go to trial until June 2024.

After a jury trial, Padilla was found guilty of second degree murder (§§ 187, subd. (a), 189, subd. (b)), with a true finding that he personally used a deadly or dangerous weapon (a knife) (§ 12022, subd. (b)(1)).

In pronouncing sentence, the trial court made the following statement:

> Mr. Padilla, the law requires -- it's [a] pretty standard sentence in this case. I suspect [sic] you were convicted of second-degree murder by the jury, and so the sentence for that is 15 years to life. So I will sentence you according[ly] to 15 years to life.

2

You also used a knife in this case.  The jury found you used a knife.  It's pretty clear from the evidence and the testimony that the knife was used.  I don't think anybody ever denied it, including you.  *So there has to be* an additional year added to that.

So you'll be sentenced to 15 years to life on the second-degree murder and one year for the use of the knife for a total of 16 years to life.  (Italics added.)

At the conclusion of the sentencing hearing, the prosecutor asked, "Can we just be clear that he is to be sentenced 15 to life for second-degree murder under Penal Code Section 187(a) and then a one-year additional for the 1202.22, [sic] subsection b, subsection 1, use of a weapon, for another year for a total of 16 years to life?"  The trial court replied, "Yeah, that's what I thought I did already.  That's fine.  I concur with that.  *That's [a] standard mandatory sentence anyway.  I don't have discretion to modify that or to change it* unless I find new circumstances, and there aren't any."  (Italics added.)

## II.

The sole issue we address is whether the trial court erred at sentencing because it did not understand its discretion to dismiss the weapon enhancement.

The enhancement at issue states that "[a] person who personally uses a deadly or dangerous weapon in the commission of a felony or attempted felony shall be punished by an additional and consecutive term of imprisonment in the state prison for one year, unless use of a deadly or dangerous weapon is an element of that offense."  (§ 12022, subd. (b).)

Section 1385 governs a trial court's discretion to dismiss an enhancement.  Specifically, subdivision (c)(1) of section 1385 states that the court "shall dismiss an enhancement if it is in the furtherance of justice to do

3

so, except if dismissal of that enhancement is prohibited by any initiative statute." Moreover, subdivision (c)(2) states that "[in] exercising its discretion . . . , the court shall consider and afford great weight to evidence offered by the defendant to prove that any of the mitigating circumstances in subparagraphs (A) to (I) are present. Proof of the presence of one or more of these circumstances weighs greatly in favor of dismissing the enhancement, unless the court finds that dismissal of the enhancement would endanger public safety." (§ 1385, subd. (c)(2).)

Under section 1385, subdivision (a), "if the court does not find that dismissal would endanger public safety, the presence of an enumerated mitigating circumstance will generally result in the dismissal of an enhancement unless the sentencing court finds substantial, credible evidence of countervailing factors that 'may nonetheless neutralize even the great weight of the mitigating circumstance, such that dismissal of the enhancement is not in furtherance of justice.' " (*People v. Walker* (2024) 16 Cal.5th 1024, 1029.) One enumerated mitigating circumstance is that "[t]he current offense is connected to mental illness." (§ 1385, subd. (c)(2)(D).) Padilla identifies that circumstance as potentially applicable here in light of information developed during the mental competency proceedings in this matter.

Padilla contends, and the People agree, the record establishes the trial court was not aware of its discretion under section 1385 to dismiss the weapon enhancement. We concur with the parties' assessment of the record. As we have set forth above, the trial court explained "*there has to be* an additional year added" because of the weapon enhancement. (Italics added.) To the extent that statement was ambiguous, the trial court later left no doubt it believed it lacked discretion, stating: "That's [a] standard *mandatory*

sentence anyway. *I don't have discretion* to modify that or to change it unless I find new circumstances, and there aren't any." (Italics added.) In short, the trial court seems to have been unaware of its discretion to dismiss the enhancement, as well as unaware of the additional provisions in section 1385, subdivision (c) relating to the enumerated mitigating circumstances.

" 'Defendants are entitled to sentencing decisions made in the exercise of the "informed discretion" of the sentencing court.' " (*People v. Gutierrez* (2014) 58 Cal.4th 1354, 1391.) A court that is not aware of the scope of its discretionary powers " 'can no more exercise that "informed discretion" than one whose sentence is or may have been based on misinformation regarding a material aspect of a defendant's record.' " (*Ibid.*) Where the trial court " 'was not "aware of its discretion" to dismiss a sentencing allegation under section 1385,' " it abuses its discretion. (*Nazir v. Superior Court* (2022) 79 Cal.App.5th 478, 490.) We accordingly conclude the trial court abused its discretion because it was not aware of its discretion to dismiss the weapon enhancement.

"[W]hen a court has not exercised its informed discretion, remand is the default 'unless the record "clearly indicate[s]" that the trial court would have reached the same conclusion "even if it had been aware that it had such discretion." ' " (*People v. Salazar* (2023) 15 Cal.5th 416, 431.) Here, we find no indication in the record as to how the trial court would have exercised its discretion had it known it had the discretion to dismiss the enhancement.

We will therefore remand for the trial court to exercise its discretion under section 1385 regarding the weapon enhancement imposed under section 12022, subdivision (b)(1). We express no view on how the trial court should exercise its discretion on remand. Because we are vacating the sentence, we do not need to address Padilla's alternative argument that he is

5

entitled to relief because defense counsel was ineffective in failing to ask the trial court to exercise its discretion to dismiss the weapon enhancement.

## III.

We vacate the sentence and remand for resentencing. In all other respects, we affirm the judgment.

CASTILLO, J.

WE CONCUR:


DATO, Acting P. J.


DO, J.